IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RAYNARD MONTEL EADY,     )<br>            )<br>        Petitioner,    )    No. 2:12-cv-00415-DCN-1<br>            )<br>    vs.        )    **ORDER**<br>            )<br>UNITED STATES OF AMERICA,     )<br>            )<br>        Respondent.    )<br>_____)| |

This matter is before the court on petitioner Raynard Montel Eady's ("Eady") motions to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF Nos. 298 and 338. The government filed a motion to dismiss, ECF No. 301. For the reasons set forth below, the court denies Eady's motions and grants the government's motion.

## I.  BACKGROUND

In 2012, a grand jury indicted Eady, along with two co-defendants, based on his participation in a string of robberies that took place between 2009 and 2011. The indictment charged Eady with nine counts. Count 1 charged Eady with conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a). Counts 2, 4, 6, and 8 charged Eady with robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a). Counts 3, 5, 7, and 9 charged Eady with possession of a firearm in furtherance of a crime of violence in violation of § 924(c).

On March 7, 2013, Eady pleaded guilty to all nine counts pursuant to a written plea agreement. The Presentence Report, prepared by the United States Probation Office, recommended an imprisonment range under the United States Sentencing Guidelines

1

("Sentencing Guidelines") of 84–105 months for Counts 1, 2, 4, 6, and 8, each; a statutorily mandated minimum sentence of five years for Count 3; and statutorily mandated minimum sentences of 25 years each for Counts 5, 7, and 9. All told, Eady's Sentencing Guideline range recommended a term of imprisonment of 1,044 to 1,065 months. On May 6, 2014, the court sentenced Eady to a 300-month term of imprisonment, pursuant to a motion for downward departure filed by the government.

On May 2, 2016, Eady authored a letter to the court that sought relief from his sentence based on the Supreme Court's then-recent holding in Johnson v. United States, 135 S. Ct. 2551 (2015), and requested the assistance of appointed counsel. ECF No. 298. The court interpreted the letter as a motion under 28 U.S.C. § 2255.[1] The government filed a motion to dismiss Eady's motion on May 27, 2016. ECF No. 301. Eady filed a response to the government's motion on July 8, 2016. At that time, Johnson's effect outside of the Armed Career Criminal Act was unclear. On November 18, 2019, the court took the motions under advisement and ordered the parties to file supplemental briefing on how post-Johnson changes in the law affected Eady's motion. On December 23, 2019, Eady, through appointed counsel, filed a supplemental § 2255 motion in response to the court's request. ECF No. 338. The government responded on January 3, 2020. ECF No. 340. On April 16, 2020, Eady filed a reply. ECF No. 354. Thus, these matters have been fully briefed and are now ripe for the court's review.

---

[1] Regardless of the label assigned by the litigant, the subject matter of the motion determines its status. Calderon v. Thompson, 523 U.S. 538, 553 (1998); see also Melton v. United States, 259 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, coram nobis, audita querla . . . the name makes no difference. It is substance that controls.").

## II.  STANDARD

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[2] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

## III.  DISCUSSION

**A.  Relief Under 28 U.S.C. § 2255(a)**

Eady's motion challenges his § 924(c) convictions and sentence based on the Supreme Court's holding in Johnson that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. Section 924(c) contains a residual clause that is similar to the ACCA's residual clause. Although Eady's motion was based on an extrapolation of the new law announced in Johnson, the Supreme Court has since ruled definitively on the constitutionality of § 924(c)'s residual clause in United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court announced a newly recognized right by finding § 924(c)'s residual clause to be unconstitutionally vague. 139 S. Ct. at 2336. Neither the Supreme Court nor the Fourth Circuit has determined whether

---

[2] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

3

Davis has retroactive effect. However, the Fifth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively. See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019). The court agrees with the reasoning of these courts and gives Davis retroactive effect. However, even in light of Davis, the court denies Eady's motion because his § 924(c) convictions are still valid based on the force clause.

Pursuant to § 924(c), it is illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to "use[ ] or carr[y] a firearm, or who, in furtherance of any such crime, possess[ ] a firearm." 18 U.S.C. § 924(c). The statute defines "crime of violence" as

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. The Davis Court found the residual clause, subsection B, to be void for vagueness; however, the force clause, subsection A, remains intact. As such, a § 924(c) conviction premised upon an underlying crime of violence that fits within the force clause's definition is still valid.

Further, the Fourth Circuit recently held that robbery under 18 U.S.C. 1951(a) ("Hobbs Act Robbery") constitutes a crime of violence under the force clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act

4

robbery constitutes a crime of violence under the force clause of Section 924(c)."). Conversely, conspiracy to commit Hobbs Act Robbery falls under the residual clause of § 924(c) and therefore can no longer serve as a predicate crime of violence for a conviction under the statute. United States v. Simms, 914 F.3d 229, 233 (4th Cir.), cert. denied, 140 S. Ct. 304 (2019). In short, a § 924(c) conviction premised upon substantive Hobbs Act Robbery stands, while a § 924(c) conviction premised upon conspiracy to commit Hobbs Act Robbery does not.

Eady's indictment charges him with one count of conspiracy to commit Hobbs Act Robbery, four counts of substantive Hobbs Act Robbery, and four counts of violating § 924(c). The obvious question the court must answer, then, is whether Eady's § 924(c) convictions are premised upon his counts of substantive Hobbs Act Robbery or his count of conspiracy to commit Hobbs Act Robbery. The government argues that each of Eady's four § 924(c) counts is predicated upon a corresponding count for substantive Hobbs Act Robbery. As the government points out, each § 924(c) count includes a date that corresponds exactly to the immediately preceding count for Hobbs Act Robbery. In response, Eady argues that the § 924(c) counts are ambiguous and that ambiguities in the indictment should be resolved in his favor. The indictment and the surrounding circumstances, however, make clear that the § 924(c) counts are premised upon the substantive counts of Hobbs Act Robbery. As such, the indictment is not ambiguous, and Eady's convictions under § 924(c) are unaffected by Johnson, Davis, or Simms and remain valid.

Eady's indictment contains four counts of substantive Hobbs Act Robbery, Counts 2, 4, 6, and 8, and four counts of violating § 924(c), Counts 3, 5, 7, and 9. It is

clear from the indictment that each § 924(c) count is premised upon the immediately preceding count for substantive Hobbs Act Robbery. For example, Count 2 charges Eady with robbery of the Ocean Dragon restaurant "at gunpoint" "on or about September 7, 2010." ECF No. 3 at 4. Count 3, which immediately follows, charges Eady with knowing possession of a firearm in relation to a crime of violence that occurred "[o]n or about September 7, 2010." Id. While Count 3 does not explicitly state that the underlying crime of violence is the robbery of the Ocean Dragon restaurant, it states that the underlying crime of violence occurred on or about September 7, 2010, the same date that the indictment charges for the immediately preceding count of substantive Hobbs Act Robbery. In short, it is clear that Count 3, which charges that Eady used a firearm in the commission of a crime of violence that occurred on September 7, 2010, is predicated on Count 2, which charges that Eady committed Hobbs Act Robbery with the use of a firearm on September 7, 2010. The court fails to see any ambiguity.

Such is the case with the remaining counts of Hobbs Act Robbery and § 924(c) violations. Each substantive count of Hobbs Act Robbery charges Eady with robbery "at gunpoint", and each clearly serves as the basis for the immediately following § 924(c) count. Count 5 is predicated on Count 4, both of which arise from the October 20, 2010 gunpoint robbery of the China Wok restaurant. Count 7 is predicated on Count 6, both of which arise from the October 25, 2010 gunpoint robbery of the China Taste Restaurant. Finally, Count 9 is predicated on Count 8, which both arise from the February 18, 2011 gunpoint robbery of the Cash Advance. In short, although the § 924(c) counts do not explicitly state the underlying crime of violence on which they are premised, the

indictment makes abundantly clear that each is premised upon the immediately preceding substantive count of Hobbs Act Robbery by gunpoint.

Moreover, Eady's statements to the court during his plea hearing make clear that he understood the nature of the § 924(c) charges to which he was pleading guilty, including the fact that each was premised upon a distinct act of robbery. At Eady's plea hearing, the government went through each substantive charge of Hobbs Act Robbery contained in Counts 2, 4, 6, and 8, and specifically noted that Eady used a firearm in the commission of each robbery. Eady confirmed to the court that he committed each robbery and that he used a firearm to commit each robbery.

> THE GOVERNMENT: As far as the specific substantive counts, Your Honor, apart from the conspiracy, as I said, the businesses in those counts were all operating in interstate commerce. September 7th of 2010 was the robbery of -- trying to find the name of the business -- September 7th was the robbery of the Ocean Dragon Restaurant in Holly Hill. Firearms were used in that. And that robbery, which is the 924(c) count, the guns were later recovered, ATF did a trace on the guns, found they were, first of all, manufactured out of state, but also that they were, in fact, firearms and were functioning firearms.
>
> On September 7th of 2010 was a robbery in Holly Hill. October 20th, 2010, was the China Walk Restaurant in Walterboro, again with the use of firearms. October 25th, 2010, the China Taste in Johns Island, again with a firearm. And February 18th of 2011, the Cash Advance in Georgetown; again, a firearm was used in that robbery.
>
> And, Your Honor, Mr. Raynard Eady at different points in time admitted to his involvement in these robberies, consistent with his guilty plea today.
>
> THE COURT: Mr. Eady, do you agree with the prosecutor's summary of your involvement in this conspiracy to commit armed robbery in these -- at least these four restaurants, and/or these four businesses listed in the indictment?
>
> EADY: Yes, sir.

>THE COURT: And you agree that on or about September 7, 2010, you and one other person in the conspiracy robbed the Ocean Dragon Restaurant in Holly Hill with the use of firearms?
>
>EADY: Yes, sir.
>
>THE COURT: And October 20th, you and one of the other members of the conspiracy robbed the China Walk Restaurant in Walterboro with the use of a firearm?
>
>EADY: Yes, sir.
>
>THE COURT: And October 25th, you and one of the members of the conspiracy robbed the China Taste on John's Island with the use of a firearm?
>
>EADY: Yes, sir.
>
>THE COURT: And on or about February 18, 2011, you and one of the other members of the conspiracy robbed the Cash Advance in Georgetown, South Carolina, with the use of firearms?
>
>EADY: Yes, sir.

ECF No. 197 at 25–26.

To comport with a criminal defendant's constitutional rights, an indictment must "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999). The plain language of the indictment makes clear the each of Eady's § 924(c) counts is premised upon a corresponding substantive act of Hobbs Act Robbery, and Eady's plea colloquy makes clear that he understood the nature of the § 924(c) charges against him and accepted that he violated § 924(c) in the

commission of each robbery. The Constitution does not require more.[3] Therefore, Eady's § 924(c) convictions under Counts 3, 5, 7, and 9 remain valid.

In October of 2019 and February of 2020, this court granted relief to Eady's co-defendants, Winard Eady ("W. Eady") and Christopher Simmons ("Simmons"). Eady and Simmons each filed § 2255 motions, seeking relief from their conviction under Count 10 of the indictment. Eady is not named in Count 10 of this indictment, and he was not convicted under Count 10. Count 10 charged W. Eady and Simmons with a violation of § 924(c). Unlike the § 924(c) charges alleged against Eady in Counts 3, 5, 7, and 9, Count 10 was predicated upon conspiracy to commit Hobbs Act Robbery, Count 1, as the underlying crime of violence. The indictment makes this clear: Count 10 is based upon "[t]he allegations set forth in Paragraphs 2 through 6 of Count One of this indictment", which charged all defendants with conspiracy to commit Hobbs Act Robbery. Thus, in the case of W. Eady and Simmons, it was clear that their § 924(c) convictions were predicated on conspiracy to commit Hobbs Act Robbery. Because that crime falls under the residual clause of § 924(c), it could not support a conviction under Count 10. See Simms, 914 F.3d at 233. Therefore, the court granted W. Eady and Simmons's respective motions and granted them relief. See ECF Nos. 323 and 345.

Explained above, Eady's § 924(c) convictions are different because each is predicated upon a distinct substantive Hobbs Act Robbery charge. Substantive Hobbs

---

[3] Eady argues that the "rule of lenity" and the doctrine of contra proferentem each require the court to resolve any ambiguities in the indictment in favor of Eady. As an initial matter, the court finds that the indictment is not rendered ambiguous merely because each § 924(c) count does not explicitly state the underlying crime of violence on which it is predicated. Further, the court finds that neither the rule of lenity nor the doctrine of contra proferentem apply here, as the former applies to statutory construction and the latter to contract interpretation.

Act Robbery falls within the force clause's definition of crime of violence, and therefore remains a valid predicate offense to a § 924(c) conviction. Mathis, 932 F.3d at 266. As such, Eady, unlike his co-defendants, is not entitled to relief. Eady asks the court to "treat [him] in the same manner" as his co-defendants. ECF No. 354 at 4. However, Eady is not entitled to the relief obtained by his co-defendants because he is convicted of committing a different crime.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Eady does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

### B. Relief Under 18 U.S.C. § 3582(c)(1)(A)

In addition to seeking relief under § 2255 pursuant to intervening changes in the law, Eady asks this court to grant him relief under 18 U.S.C. § 3582(c)(1)(A) based on two "extraordinary and compelling" reasons: (1) the "significant changes to the statutory punishments for [§] 924(c) [convictions] under the First Step Act of 2018" and (2) the "vast disparity of sentences between equally responsible members of the conspiracy after they received relief pursuant to Davis." ECF No. 354 at 5. Unfortunately, the court cannot consider the substance of Eady's claims because he has not complied with the

mandatory procedural prerequisites to petitioning the court for relief under § 3582(c)(1)(A).[4]

Section 3582(c)(1)(A) authorizes a court to reduce a defendant-petitioner's term of imprisonment after (1) the petitioner has fully exhausted administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion in his or her behalf, or (2) 30 days has lapsed from the receipt of such a request by the warden of the facility, whichever is earlier.[5] If a petitioner has complied with this so-called "exhaustion requirement", the court may reduce his or her imprisonment terms where "[1] extraordinary and compelling reasons warrant such a reduction, [2] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and [3] if the applicable 18 U.S.C. § 3553(a) factors merit a reduction." United States v. Redd, 2020 WL 1248493, at *3 (E.D. Va. Mar. 16, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A) and Dillon v. United States, 560 U.S. 817, 826-27 (2010)) (internal quotation marks omitted).

Where, however, a petitioner has not complied with the exhaustion requirement, the court is without the authority to grant relief under § 3582(c)(1)(A). See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish

---

[4] Eady requests relief from the court under § 3582(c)(1)(A) in his reply to the government's response to his §2255 motion. The court is unsure whether a reply brief is a procedurally appropriate place for such a request. However, the court need not determine whether Eady has brought his request in the proper manner because it finds that he has not complied with the mandatory procedure prior to making such a request.

[5] Prior to the First Step Act of 2018, § 3582(c)(1)(A) required a motion made by the Director of the BOP. The First Step Act amended § 3582(c)(1)(A) to allow courts, at their discretion, to modify a term of imprisonment upon a motion filed directly by a defendant, given that the other procedural prerequisites of the statute are satisfied. First Step Act § 603(b) (codified at 18 U.S.C. § 3582(c)(1)(A)).

mandatory exhaustion regimes, foreclosing judicial discretion."); see also United States v. Sundblad, 2020 WL 1650041, at *1–2 (D.S.C. Apr. 3, 2020), reconsideration denied, 2020 WL 1686237 (D.S.C. Apr. 7, 2020) ("[S]ince Defendant has failed to exhaust her administrative remedies, the court does not possess authority to grant relief under § 3582(c)(1)(A)(i).") (citing United States v. Cohen, 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020)).

Eady does not allege that he has made any such request to the BOP or to the warden of his facility, nor that he has otherwise exhausted the administrative remedies that are mandatory prior to petitioning the court for relief under § 3582(c)(1)(A)(i). Therefore, the court denies Eady's request to reduce his sentence without prejudice.

### IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Eady's motions and **GRANTS** the government's motion.  A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 28, 2020**
**Charleston, South Carolina**